THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN ROMÁN NIEVES, Defendant and Appellant.

No. CR-64-474.     Decided September 27, 1965.

---

*Edna Abruña Rodríguez* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted by a jury of burglary in the first degree and sentenced to serve from 2 to 5 years in the penitentiary.

He maintains in this appeal that the trial court erred (1) "in not consenting to defense's petition to be granted time to confer with defendant and the witnesses", and (2) "in not staying the hearing of the case to procure the presence of the witness with whom the defense sought to prove its theory."

When the case was called for trial defendant's counsel requested time to talk with defendant and the witnesses, explaining that she was not requesting the continuance of the case. The request having been denied they proceeded to impanel the jury and thereafter the court entered the following order: "The Court will adjourn. The ladies and gentlemen of the jury shall not permit any person to discuss this case with them while the court is adjourned; you will not discuss it among yourselves or form or express any opinion therein, and the counsel has all the time she may need to confer with whomever she must confer. The court adjourns for some minutes." When the court's session was resumed the defendant's counsel, Miss Ludmilia Rivera Burgos, did not say anything about the time granted her to talk with defendant and witnesses but she requested that a witness be summoned and it was thus ordered. The oral evidence was immediately presented. After the first witness for the defense testified, the court adjourned again, at the request of the counsel for the defense so that she could talk with the defendant.

It also appears from the record that the defendant was represented at the arraignment by Miss Rivera Burgos; that the case was set for December 9, 1963 and it was continued at the request of defendant for February 21, 1964; that on January 29, 1964, Miss Rivera informed the court that she was defendant's counsel. Then, it appears from the record that the trial court did not refuse to give defendant's counsel time to talk with the defendant and his witnesses, despite the fact that prior to the trial she had had sufficient time to do so.

█ Likewise the trial court did not err in refusing to continue the hearing of the case so that the defendant could procure the presence of the witness with whom he sought to prove his theory because (a) even though the defendant knew about that evidence he did not take steps prior to the trial to summon the witness, (b) it was when the evidence for the defendant was presented that he requested that the witness be summoned, (c) the court ordered that said witness be summoned but the summons could not be served because said witness was no longer a policeman, he was in the military service, (d) the testimony of said witness would not tend to establish the alleged defense of alibi, and (e) Rule 74 of the Rules of Criminal Procedure was not complied with to support said defense besides the fact that the evidence of the defendant did not establish said defense.

The judgment appealed from will be affirmed.